IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD. | § § § | |
| *vs*. | § § | C.A. NO. H – 12 – 309 ADMIRALTY |
| CENTRANS INTERNATIONAL MARINES SHIPPING (USA), INC. | § § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Tokio Marine & Nichido Fire Insurance Co., Ltd. files this Original Complaint against Defendant Centrans International Marines Shipping (USA), Inc., *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, breaches of maritime contracts and/or maritime torts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Japanese corporation with its principal place of business in Tokyo and its American branch headquarters located in New York, N.Y. At all times material, Plaintiff insured cargos of nails (the "Cargos") owned by Plaintiff's assured, Itochu Building Products, Inc. ("Itochu"). Plaintiff brings this action as Itochu's subrogated and/or authorized insurer under an insurance policy.

3. At all times material, Defendant engaged in business in Texas as a Non–Vessel Operating Common Carrier, consolidating various cargos, arranging for their ocean carriage and, among other functions, issuing to shippers bills of lading for ocean transport of cargos. Defendant may be served by its registered agent, James Jun, at 6161 Savoy Drive, Suite 300, Houston, Texas 77036.

4. On or about October 21, 2011, Itochu's shipper tendered the Cargos in good order and condition to Defendant at or near Xingang and/or Qingdao, People's Republic of China. On or before that date, Defendant had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver the Cargos at Houston in the same good order and condition as when received, in consideration of paid freight charges. Defendant acknowledged receipt of the Cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. RCK1315XINHOU 40, 42, 43, 44, 45, 48, RCK1315QINHOU 71, 73 and PUDGQD 024452, free of exceptions or other notations for loss or damage, and loaded and stowed the Cargos aboard the M/V RICKMERS TOKYO.

5. Thereafter, although the M/V RICKMERS TOKYO arrived at Houston, Defendant wholly failed to discharge and deliver the Cargos.

6. Plaintiff paid Itochu and/or is or will be obligated to pay for the loss of the Cargos under an insurance policy and is and/or will be contractually and legally subrogated to Itochu's interest in the Cargos. Plaintiff brings this action for itself, Itochu and, as necessary, for every person or entity that is or may become interested in

the cargos. By reason of the premises and as presently can be determined, Plaintiff proximately has sustained damages exceeding $170,617.53 plus interest dating from October 21, 2011, demand for which has been made upon Defendant but which it refuses to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tokio Marine & Nichido Fire Insurance Co., Ltd. prays that this Honorable Court adjudge that Defendant Centrans International Marines Shipping (USA), Inc., *in personam*, is liable to Plaintiff for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

    Respectfully submitted,

    *SHARPE & OLIVER, L.L.P.*

By _____

    R. M. Sharpe, Jr.
    State Bar No. 18129000
    S. D. Texas No. 889
    550 Westcott, Suite 230
    Houston, Texas 77007–5096
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228

OF COUNSEL:

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886

    ATTORNEYS FOR PLAINTIFF